UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SMITH MARITIME, INC. | : | CIVIL ACTION NO. 11-cv-731 |
| VERSUS | : | JUDGE TRIMBLE |
| LAY DRILLING BARGE AKPEVWEOGHENE (EX CHEROKEE) | : | MAGISTRATE JUDGE KAY |
| and its owner, FENOG NIGERIA, LTD. | : | IN ADMIRALTY (IN REM) |

MEMORANDUM RULING

Before this court is an opposed Motion to Withdraw as Counsel of Record and its amendment filed by Bland & Partners, PLLC (hereafter "Bland"), current counsel of record for defendants Lay Drilling Barge Akpevweoghene (ex Cherokee) and Fenog Nigeria, Ltd. (hereafter "Fenog"). Docs. 138, 139. For reasons given below the motion as amended is **DENIED** but, considering the explicit instructions given by Fenog to Bland, Bland's further involvement in this matter is limited to accepting notice of proceeding and service of pleadings, which notice and pleadings are be forwarded by Bland to Fenog. If Fenog wishes to avoid the effect of this ruling it may retain substitute counsel or appoint an agent in the Western District of Louisiana to accept notice and service of process for this litigation only, which agency is irrevocable during the pendency of this proceeding.

*I.*
*Background*

This matter began as a suit in admiralty by Smith Maritime, Inc., (hereafter "Smith") against defendant vessel and its owner seeking damages for an alleged breach of contract. Doc. 1  On the date the complaint was filed a warrant was issued to seize the vessel in port in the

Western District of Louisiana.  Doc. 6.  Shortly after seizure an appearance was made by Fenog Nigeria, Ltd., seeking release of the vessel upon deposit of funds to the account of its attorney, which funds were to act as substitute security.  Doc. 13.  An order issued granting release of the vessel upon deposit of the funds.[1]  Doc. 17.

Fenog answered the complaint and filed its own against Smith Maritime.  Docs. 24, 25.  The answer (Doc. 24) does not address Smith's allegation of Fenog's citizenship[2] but in its Corporate Disclosure Statement Fenog states it is a "private limited liability company."  Doc. 21.  Fenog defends Smith's complaint by claiming no privity of contract between the two entities and sues for damages it claims to have sustained at the hands of Smith, damages exceeding $10,000,000.00.  From all pleadings available to the court it appears that Fenog is an artificial entity created under the laws of some sovereignty other than the United States, in all likelihood Nigeria.  To the knowledge of the undersigned Fenog has no other presence in the United States nor has it designated an agent for service of process here.

Shortly after filing its answer Fenog files a Third Party Complaint against Generation Marine Services, Inc. (hereafter "GMSI").  Doc. 37.  Fenog puts forth various causes of action similar to those made against Smith but also seeks return of approximately $450,000.00 paid by Fenog to GMSI as a security deposit.  Total damages claimed by Fenog against GMSA exceed $10,000,000.00.

This litigation proceeded in what appeared to the court to be ordinary course with various motions being filed and trial dates being set but then continued and at least one settlement conference taking place.  Review of the docket sheet reveals problems started in December of

---

[1] Initially these funds were placed in the Bland trust account.  Since the filing of the motions pending seeking withdrawal Bland deposited the funds into the registry of this court.  See Notice posed on docket 8/29/2014.

[2] Smith alleged Fenog to be a Nigerian Corporation with its principal place of business in Warri, Delta State, Nigeria.  Later, when Fenog files its Third Party Complaint, it alleges it is a "foreign corporation or other legal entity duly organized, created and existing under and by virtue of the laws of a foreign nation . . . ."  Doc. 37, p. 1.

2013 and have continued through this date, all related to Fenog's failure to produce information and ultimately the discovery by Smith and GMSI that Fenog may have spoliated evidence.

On January 9, 2014, Smith filed a Motion for Protective Order, to Stay Deposition, and for Sanctions. Smith alleged that Fenog had breached discovery obligations by failing to preserve electronically stored information ("ESI") and failing to reveal that, since inception of the litigation, it had possession of a computer formerly belonging to Eddie Hill. Eddie Hill was a former Fenog employee who was central to the dealings between these parties. Doc. 106. On the date the motion was filed the district court signed an order staying depositions then scheduled to be held in Norway and referring the remainder of the issues to the undersigned for further proceeding. Doc. 107.

Smith filed a Motion to Compel, for Sanctions and Attorney Fees raising the same issues as those raised in the Motion for Protective Order, i.e. that Fenog had failed to produce documents previously requested and had failed to preserve CSI. Doc. 121. Fenog responded claiming it had produced information as it was received, that there was nothing inappropriate in its retention of the laptop belonging to Hill, and suggesting that its delays in acting were related to its naiveté in dealing with the United States litigation process. Doc. 124. After hearing the Motion to Compel was granted and the court took under advisement the issue of sanctions and invited further briefing. Doc. 126.

On July 21, 2014, this court issued its ruling on sanctions, awarding Smith fees and costs in the amount of $18,000 due to what we found to be misconduct on the part of Fenog in its handling of discovery issues. Doc. 137. Fenog was ordered to pay this amount within fourteen (14) days of the date of the ruling unless it sought review from the district court, in which case the effect of the judgment would be stayed. *Id.* Fenog never sought review and the court has not

been advised that the fine has been paid. In our ruling we also left open for consideration fees and expenses that might be incurred at the future re-deposition of Eddie Hill, the re-deposition being necessitated by Fenog's recalcitrance in providing documentation.

Nine days following issuance of our order on sanctions Bland & Partners filed its first Motion to Withdraw claiming it had been informed via correspondence that Fenog no longer wished to continue with Bland & Partners as its counsel. Doc. 138. Bland & Partners amended its motion the following day to afford contact information for Fenog in Nigeria, providing its mailing address, telephone number, and an e-mail address for Sunny Akoni, General Manager for Fenog. Doc. 76. This motion as amended is opposed. Doc. 145. As of the date of this writing no attorney has come forward seeking to substitute himself or herself in the stead of withdrawing counsel.

Smith and GMSI have now both filed for further sanctions against Fenog alleging intentional tampering with the personal computer of Eddie Hill the result of which led to the destruction of important documentation pertaining to the claims that form the basis of this lawsuit – claims asserted affirmatively by Smith in its original complaint and claims asserted by Fenog in its affirmative defenses and its own claims against both Smith and GMSI. Docs. 141, 143. Smith and GMSI seek the harshest remedies available for this alleged spoliation including fines, recovery of costs, and striking of pleadings and defenses. These motions are currently pending before the court and set for hearing.[3]

## II.
### Discussion

In a telephone conference held between the court and counsel of record we discussed our concerns. Our first concern is that Fenog is not a person but rather some form of separate entity

---

[3] Also pending before the district court are several motions for summary judgment filed by all parties, the outcome of which motions undoubtedly would be impacted by the ultimate resolution of the discovery issues.

formed under the laws of a foreign sovereignty, presumablyNigeria. "The law is clear that a . . . fictional legal person can only be represented by licensed counsel. *Commercial & Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *In re Victor Publishers, Inc.*, 545 F.2d 285 (1st Cir. 1976). This is so even when the person seeking to represent the corporation is its president and major stockholder. *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978)." *In re K. M. A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). As no counsel has stepped forward to substitute for withdrawing counsel it is unclear how we could proceed to the conclusion of this litigation as there would be no one in the litigation who could represent Fenog thus no one with whom the court or other litigants could speak.

Our next concern expressed in the telephone conference was how we could effectively notice Fenog of any additional action, such as trial fixing and pretrial scheduling deadlines, when there is no counsel of record in the proceeding and, as far as we know, Fenog has designated no person or entity in the United States, much less the State of Louisiana, that could receive notice or service on its behalf. Further we have no indication from anyone anywhere that Sunny Akoni, the individual designated in Bland's Amended Motion to Withdraw, has been duly authorized under the laws of Nigeria to accept notice or service on behalf of Fenog. Accordingly if we were to allow Bland to withdraw then the court would have no mechanism by which it could effectively provide Fenog with adequate (as in legally binding) notice of proceedings which would, in the opinion of the undersigned, call into question the binding nature (or lack thereof) of any further proceedings.[4]

---

[4] Given the behavior of Fenog thus far in this litigation we are concerned that it may choose at this point to simply withdraw from participation now only to come forward later and question the efficacy of further proceedings claiming their absence from the proceedings and their lack of adequate (legal) notice of further action. Given the behavior of Fenog in this litigation thus far it requires no stretch of imagination to envision further post-judgment proceedings to satisfy any judgment rendered in favor of Smith or GMSI (should that happen) against funds on deposit or otherwise being met with claims by Fenog that it had not received proper notice of additional proceedings and rely on its previously claimed naiveté to excuse its lack of participation.

> Concerns expressed in the telephone conference led this court to state the following:
>
> On or before 9/4/2014 interested parties are to submit any additional briefing they wish on the issue of whether, absent new counsel enrolling for the moving defendants, the court is able to deny the 138 MOTION to Withdraw Bland & Partners as Attorney filed by Lay D/B Akpevweoghene and Fenog Nigeria, Ltd., and the 139 Amended MOTION to Withdraw . . . but limit the scope on involvement of counsel to strictly being a mechanism by which the court and remaining parties can effectively notice Lay D/B Akpevweoghene and Fenog Nigeria Ltd. so that this matter can be brought to a conclusion.

Doc. 155.  No additional briefing was provided by any party.

So the issue before the court as we see it currently is whether the Motion to Withdraw as amended should be granted or denied and, if denied, whether the court has the ability to limit the involvement of withdrawing counsel to cater to the expressed desire of Fenog to terminate Bland's involvement while at the same time allowing this court the tools it needs to see this litigation to a conclusion.

An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. *See Streetman v. Lynaugh,* 674 F.Supp. 229 (E.D.Tex.1987).  Consideration of whether good cause exists is left to the discretion of the court.  *Matter of Wynn,* 889 F.2d 644 at 646 (5th Cir. 1989), citing *Streetman,* 674 F.Supp. at 234; *accord United States v. Dinitz,* 538 F.2d 1214 (5th Cir.1976) (en banc), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977); *Broughten v. Voss,* 634 F.2d 880 (5th Cir.1981).

Bland has stated that it has been terminated by Fenog and that statement has been corroborated by a copy of an e-mail purportedly from Sunny Akoni to Bland.  Doc. 145, Att. 1. The court has been advised that Fenog has again contacted Bland and instructed that it is not to act on its behalf in any capacity and that communication will be docketed and made part of this

record by the court when received. Based on Fenog's emphatically stated desire that Bland withdraw from its representation of Fenog we find that good cause exists to allow withdrawal.

A finding of good cause, however, does not put an end to the inquiry. As noted by the district court sitting in the Northern District of Texas:

> Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss,* 634 F.2d 880, 882 (5th Cir.1981). This requires the Court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *White,* 2010 WL 2473833, at *3; *see also Dorsey v. Portfolio Equities, Inc* ., No. 3:04–cv–0472–B, 2008 WL 4414526, at *2 (N.D.Tex. Sept.29, 2008).

*Hernandez v. Aleman Const., Inc.,* 2014 WL 1794833 (N.D. Tex. May 5, 2014).

For the stated reasons of concern noted above we do find that the prosecution of this lawsuit will be substantially disrupted by allowing counsel to withdraw. This case has been pending for several years, having been prolonged in no small part by the previously discussed behavior of Fenog. We are being asked to consider imposing the severest of sanctions against Fenog for the alleged spoliation of evidence and, should Smith and GMSI establish that spoliation has taken place and that draconian sanctions are warranted, the viability of those findings could certainly be subject to attack later by the unrepresented and potentially unnoticed Fenog. Allowing Bland to withdraw at this point would indeed prejudice the other parties and would harm the administration of justice.

We are mindful, however, of our obligation to consider the financial burden that Bland would suffer if not allowed to withdraw. As we have noted previously Bland has been instructed

to take no further action on behalf of Fenog.  Given that to be the case then it would seem that Bland would suffer no additional financial burden.

### III.
### *Conclusion*

For the foregoing reasons we find that the motion to withdraw should be denied.  While we do find just cause for Bland to seek withdrawal, the remaining factors to be considered weigh heavily against allowing it.

Given instructions from Fenog to Bland that it take no further action, we excuse Bland from participating in any hearings and we do not expect it to prepare any pleadings seeking additional relief for Fenog or taking action to defend Fenog against the claims of Smith or GMSI.  This is in accord with the stated instructions of Fenog to Bland.  However Bland will remain in this litigation as counsel of record for Fenog so that the court may continue to notice Fenog of further proceedings to allow this matter to be brought to a conclusion.  Fenog, of course, could avoid the unpleasant consequence of having Bland remain in this litigation by retaining new counsel (something it has failed to do in the two months since Bland filed) or by lawfully appointing another entity to accept notice and service on its behalf for this litigation only.  Absent either of these events Bland remains counsel of record for the limited purpose of accepting notice and service to be forwarded to Fenog in the same manner Bland suggested the court could contact Fenog in its Amended Motion to Withdraw.  Doc. 139.

THUS DONE this 15th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE