UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SMITH MARITIME, INC.** | : | **CIVIL ACTION NO. 11-cv-731** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **LAY DRILLING BARGE AKPEVWEOGHENE (EX CHEROKEE)** | : | **MAGISTRATE JUDGE KAY** |
| **and its owner, FENOG NIGERIA, LTD.** | : | **IN ADMIRALTY (IN REM)** |

**ORDER**

At the hearing on the Motions for Sanctions filed by Smith Maritime, Inc., ("Smith Maritime") and Generation Marine Services, Inc. ("GMSI"), Docs. 141 and 143, counsel for Smith Maritime presented to the court under seal an envelope containing email information obtained by Smith Maritime's forensic expert that could possibly be subject to attorney-client privilege for Fenog.  They were discovered while their expert was examining the hard drives of Eddie Hill, former employee of defendant Fenog Nigeria, Ltd. ("Fenog").  Smith Maritime provided particular search terms to their expert designed to target potentially confidential information and instructed the expert to maintain custody of those documents and not to reveal the documents to anyone other than the court.  Smith Maritime at the hearing asked the court to review the documents to determine whether they would be subject to attorney-client privilege.

After review we determine that these items may have been subject to attorney-client privilege.  We also recognize, however, that attorney-client privilege is voluntarily waived when disclosed in a manner inconsistent with the confidential nature of the attorney client relationship.  See *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993).

In this case counsel for Fenog delivered the hard drives of Eddie Hill to GMSI and provided the Yahoo! email account information and password before being ordered to do so. Fenog made no effort to conduct its own investigation or otherwise seek to protect information that might be privileged.

Should Fenog wish to argue that this waiver was somehow inadvertent and that its handing over this information should not constitute a waiver as addressed in Federal Rule of Evidence 502, it is to so notify the court by filing an appropriate pleading on or before November 19, 2014. Should nothing be filed addressing this issue by that time then the information will be unsealed and made available to Smith Maritime and GMSI.

THUS DONE this 14th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE